UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

                                      Case No. 13-40134-LMI

ISAAC KODSI,                         Chapter 7

        Debtor.
_____/

BARRY E. MUKAMAL, CHAPTER 7         Adversary No. 14-01763-LMI
TRUSTEE FOR THE ESTATE OF ISAAC
KODSI,

        Plaintiff,

v.

ARK CAPITAL GROUP, LLC, AMY
KODSI, AND NANCY KODSI,

        Defendants.
_____/

## <u>NOTICE OF LATE FILING OF PAPER PURSUANT TO LOCAL RULE 5005-1(F)(2)</u>

Barry E. Mukamal, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate (the *"Estate"*) of Isaac Kodsi (the *"Debtor"*), by and through his undersigned counsel, responds to Ark Capital Group, LLC's (*"Ark Capital"*), files this Notice of Late Filing of Paper Pursuant to Local Rule 5005-1(F)(2) and states as follows:

1.      The attached Trustee's Supplement to His Response to Ark Capital Group, LLC's Motion to Dismiss Trustee's Complaint with Prejudice, Motion to Strike and Motion for More Definite Statement is filed for consideration at the hearing scheduled on December 12, 2014 at 10:00 a.m.

2.      Movant has been unable to comply with the requirement of Local Rule 5005-1(F)(1) for timely submission of papers in matters already set for hearing due to the following circumstances: Trustee found additional case law in support of his arguments.

3.      Movant respectfully requests that the court consider this paper at the above scheduled hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2014, the foregoing document was served via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached **Exhibit 1**.

s/ Daniel N. Gonzalez
Daniel N. Gonzalez, Esquire
Fla. Bar No: 0592749
Dgonzalez@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Trustee*

## SERVICE LIST

Electronic Mail Notice List
The following is the list of parties who are currently on the list to receive e-mail notice/service for this case.

- Howard D. Dubosar     hdubosar@dubosarnavon.com,
  RSheres@dubosarnavon.com;KDoyle@dubosarnavon.com;TNovak@dubosarnavon.com
- Daniel Gielchinsky     dan@dyglaw.com
- Daniel N Gonzalez     dgonzalez@melandrussin.com,
  ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Robert F. Reynolds     rreynolds@slatkinreynolds.com, imalcolm@slatkinreynolds.com

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

                                       Case No. 13-40134-LMI

ISAAC KODSI,                                  Chapter 7

        Debtor.

_____/

BARRY E. MUKAMAL, CHAPTER 7        Adversary No. 14-01763-LMI
TRUSTEE FOR THE ESTATE OF ISAAC
KODSI,

        Plaintiff,

v.

ARK CAPITAL GROUP, LLC, AMY
KODSI, AND NANCY KODSI,

        Defendants.

_____/

**TRUSTEE'S SUPPLEMENT TO HIS RESPONSE TO ARK CAPITAL GROUP, LLC'S
MOTION TO DISMISS TRUSTEE'S COMPLAINT  WITH PREJUDICE, MOTION
TO STRIKE AND MOTION FOR MORE DEFINITE STATEMENT**

       Barry E. Mukamal, the Chapter 7 Trustee for the bankruptcy estate of Isaac Kodsi, by and

through his undersigned counsel, supplements his response [ECF No. 33] (the ***"Response"***)[1] to

Ark Capital Group, LLC's Motion to Dismiss Trustee's Complaint with Prejudice, Motion to

Strike and Motion for a More Definite Statement, and the Joinder of Amy Kodsi and Nancy

Kodsi to the Motion, and states as follows:

       In Section II of the Response, the Trustee notes (1) that even if there is no federal alter

ego claim, he may still bring his state law alter ego claim, as it is related to the bankruptcy case;

---

[1] All Capitalized terms not defined herein shall have the meaning set forth in the Response.

and (2) even if the rule[2] announced in *Raimbeault v. Accurate Mach. & Tool, LLC*, No. 14-CIV-20136, 2014 WL 5795187, at *9 (S.D. Fla. Oct. 2, 2014) is correct, its application to the instant case is proscribed by the *Erie* doctrine.  Aside from the foregoing arguments allowing the Trustee to bring an alter-ego claim, and as is explained below, there is a third reason why this Court should not rely on *Raimbeault* - it is wrongly decided.

In its opinion, the *Raimbeault* court states that "federal courts generally find that alter ego is not a separate cause of action for which relief can be granted; rather . . . alter ego serves as a theory to impose liability on an individual for the acts of a corporate entity." *Id*. at *9.  To do so, the *Raimbeault* court relies on *Peacock v. Thomas*, 516 U.S. 349, 354, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996) for the proposition that "veil piercing 'is not itself an independent [ ] cause of action, but rather is a means of imposing liability on an underlying cause of action.'" *Id.* (brackets in original).[3]  *Raimbeault* relies on three other unpublished district court opinions to conclude that the *Raimbeault* plaintiff could not plead alter ego as a separate cause of action.

*Raimbeault* is wrong. The applicable language from the *Peacock* opinion is:

> Thomas' veil-piercing claim does not state a cause of action under ERISA and cannot independently support federal jurisdiction. Even if ERISA permits a plaintiff to pierce the corporate veil to reach a defendant not otherwise subject to suit under ERISA, Thomas could invoke the jurisdiction of the federal courts only by independently alleging a violation of an ERISA provision or term of the plan. (citations omitted).  Piercing the corporate veil is not itself an independent ERISA cause of action, "but rather is a means of imposing liability on an underlying cause of action."

*Peacock*, 516 U.S. at 353-354. The relevant issue in *Peacock*, stated simply, was whether there was an independent jurisdictional basis for the ERISA judgment holder in that case to bring an alter ego claim against a third party in federal court.

---

[2] That a plaintiff cannot bring a state law alter ego claim as a separate cause of action in a federal court, but must, instead, bring alter ego as a remedy under a standalone cause of action.

[3] Notably, the bracketed text is "ERISA." That is, alter ego was just a means of applying liability under *ERISA*, and thus it could not, itself, serve as a federal question basis of jurisdiction, as a standalone, post-judgment claim.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

The plaintiff in *Peacock* argued that the federal court had ancillary jurisdiction to attempt to enforce his ERISA judgment, but the Supreme Court in *Peacock* held that ancillary jurisdiction did not provide for jurisdiction under the facts of that case. *Id*. at 355-356. Accordingly, the *Raimbeault* court's focus should have centered on whether the plaintiff therein had a jurisdictional basis to bring an alter ego cause of action in federal court, as opposed to ruling wholesale that "federal courts generally find that alter ego is not a separate cause of action for which relief can be granted…" *Raimbeault*, 2014 WL 5795187, at *9.

To be sure, *Peacock*'s application where there is an independent basis for jurisdiction (such as related-to jurisdiction) is, as the Fourth Circuit has described, inapposite. In *C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 306 F.3d 126, 133 (4th Cir. 2002), the Fourth Circuit considered a standalone alter ego claim and held that:

> Initially, First Flight argues that the district court should have dismissed the alter ego claim for lack of subject matter jurisdiction, citing *Peacock v. Thomas,* 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996). In *Peacock,* however, the Court held only that federal jurisdiction over claims leading to an underlying judgment provides no *ancillary* federal jurisdiction over a subsequent, post-judgment alter ego claim. *Id.* at 354–56, 116 S.Ct. 862. *Peacock* does not prohibit a federal court from taking jurisdiction over a post-judgment alter ego claim where an *independent* basis for jurisdiction exists.
>
> In this case, unlike the plaintiff in *Peacock,* C.F. Trust and Atlantic Funding assert an independent basis for subject matter jurisdiction over their alter ego claim-diversity of citizenship—and First Flight does not contend that the diversity requirements have not been met. Accordingly, *Peacock* is inapposite.

*C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 306 F.3d 126, 133 (4th Cir. 2002) (emphasis in original). The *CF Trust* defendant made the same argument supported by *Raimbeault*, but the Fourth Circuit found, in applying *Peacock*, that there was an independent basis for jurisdiction.

Moreover, the other Florida federal case on which *Raimbeault* relies, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 2010 WL 1531489, at \*9 (S.D.Fla. April 16, 2010), was unfortunately wrongly decided as well. The *Tara Prods.* court cites *Acadia Partners, L.P. v. Tompkins*, 759 So.2d 732, 740 (Fla. 5th DCA 2000) for the proposition that "[a]lter ego is not a separate cause of action for which relief can be granted; rather, in this case, alter ego serves as a theory to impose liability on an individual for the acts of a corporate entity." *Tara Prods.* 2010 WL at \*9. But *Acadia Partners* holds the opposite:

> Finally, Ms. Tompkins argues that she is entitled to receive a new trial because the jury entered an inconsistent verdict against her in that the jury did not find Ms. Tompkins personally liable on any of Acadia's individual fraud claims, yet the jury found in favor of Acadia under its piercing the corporate veil claim. However, contrary to Ms. Tompkins' argument, the verdicts are not inconsistent. The elements of Acadia's claim to pierce the corporate veil were separate from the elements of the other causes of action submitted to the jury. Accordingly, <u>there was no impediment to a finding of liability on the corporate veil claim even where no liability was assessed on the other claims</u>.

*Id.* at 739. It follows that, respectfully, *Raimbeault* was wrong, and this Court should decline to follow it.

In the instant case, 28 U.S.C. §1334(b) provides an independent basis for jurisdiction for the Trustee to bring his alter-ego claim against Ark Capital pursuant to 11 U.S.C. §§ 541 and 544. Accordingly, this Court should decline to follow *Raimbeault*.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2014, the foregoing document was served via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached **Exhibit 1**.

s/ Lawrence E. Pecan
Daniel N. Gonzalez, Esquire
Fla. Bar No: 0592749
Dgonzalez@melandrussin.com
Lawrence E. Pecan, Esquire
Fla. Bar No: 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Trustee*

## SERVICE LIST

Electronic Mail Notice List
The following is the list of parties who are currently on the list to receive e-mail notice/service for this case.

- Howard D. Dubosar      hdubosar@dubosarnavon.com,
  RSheres@dubosarnavon.com;KDoyle@dubosarnavon.com;TNovak@dubosarnavon.com
- Daniel Gielchinsky      dan@dyglaw.com
- Daniel N Gonzalez      dgonzalez@melandrussin.com,
  ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Robert F. Reynolds      rreynolds@slatkinreynolds.com, imalcolm@slatkinreynolds.com

**EXHIBIT 1**