UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CHAPTER: 7
CASE NO.: 13-40134-LMI

In Re:
ISAAC KODSI,
    Debtor.
_____/
BARRY E. MUKAMAL, Chapter 7 Trustee for
the Estate of Isaac Kodsi,

    Plaintiff,                                               Adversary Case No.: 14-01763-LMI
v.

ARK CAPITAL GROUP, LLC, AMY KODSI,
and NANCY KODSI,

    Defendant.
_____/

**MOTION FOR LEAVE TO AMEND ANSWER TO PARAGRAPH 9 OF THE
COMPLAINT**

Defendants, AMY KODSI and NANCY KODSI (collectively "Defendants") by and through undersigned counsel, and pursuant to Bankruptcy Rule 7015 and Fed. R. Civ. P. 15 move this Court for entry of an Order granting leave for to amend their answers to paragraph 9 of the Complaint, and in support thereof state:

**BACKGROUND**

1.    On October 15, 2014, TRUSTEE initiated this adversary proceeding by filing a complaint (the "Complaint") [D.E. 1] against Defendants.

2.    The Complaint asserts fourteen counts, certain of which are asserted against AMY and/or NANCY including Counts I, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, and XIV.

3.    In Paragraph 9 of the Complaint, TRUSTEE alleged as follows: "This is a core proceeding pursuant to 28 U.S.C. §157(B)(2)(A), (E), (H), and (O).

4. On November 17, 2014, AMY and NANCY served their Answers to the Complaint. [DE 10, 11].

5. In response to the allegation in Paragraph 9 of the Complaint, AMY and NANCY each inadvertently answered that they admitted the allegations in Paragraph 9.

6. In actuality, AMY and NANCY deny the allegation.

7. Specifically, contrary to TRUSTEE's allegation in the Complaint Counts I, IV, V, VI, VIII, IX, X, and XI are non-core.

8. On January 7, 2015, this Court entered the Joint Agreed Order Granting Motion to Continue Pretrial, Setting Final Pretrial Conference and Trial (the "Scheduling Order") [DE 43].

9. In the ¶3(b) of the Scheduling Order, this Court extended the time for the parties to file any objection to the entry of the any final order or judgment by this Court.

10. Pursuant to Bankruptcy Rule 7012(b) a defendant is required to assert whether or not a proceeding is non-core and if same is non-core whether said Defendant objects to the entry of final order and judgments by the bankruptcy judge.

11. Accordingly, inasmuch Counts I, IV, V, VI, VIII, IX, X, and XI are non-core and AMY and NANCY object to the entry of final judgments or orders to be entered on same by this Court, AMY and NANCY seek to amend their answers to Paragraph 9 to provide as follows:

> The Defendant denies the allegations contained in paragraph 9 of the Complaint inasmuch as Counts I, IV, V, VI, VIII, IX, X, and XI are non-core issues not subject to the entry of a final order or judgment by this Court. Consequently, Defendant does not consent to the entry of final orders or judgments by this Court on said Counts.

12. TRUSTEE will not be prejudiced by the requested amendment inasmuch as Defendant, ARK CAPITAL GROUP, LLC has not yet served its response to the Complaint and, upon information and belief, ARK CAPITAL GROUP, LLC intends to similarly deny said

allegation and seek a determination that the above referenced counts – to the extent that same are asserted against ARK CAPITAL GROUP, LLC – to be non-core.

13. A true and correct copy of the proposed Amended Answers are attached hereto as **Exhibits "A" and "B."**

14. Prior the filing of this Motion, the undersigned conferred with counsel for TRUSTEE regarding the relief requested herein. As of the filing of this Motion, TRUSTEE's counsel was still in the process of analyzing certain issues which prevented him from confirming whether or not he may consent to the request herein.

## Memorandum of Law

Rule 15 states that "the court should freely give leave when justice so requires," and the Supreme Court has emphasized that this mandate must be heeded. *Foman v. Davis,* 371 U.S.C 178, 182 (1962); *Systems Unlimited, Inc. v. Cisco Sys., Inc.,* 228 Fed. Appx. 854, 856 (11th Cir. 2007); *See also Halliburton & Assoc. v. Henderson Few & Co.,* 774 F.2d 441, 443 (11th Cir. 1985) (stating that a "substantial reason" is needed). In this case, there is no substantial reason to deny the instant request to amend one paragraph of the Defendants' Answers.

WHEREFORE, Defendants, AMY KODSI and NANCY KODSI, respectfully request that this Court enter an Order granting them leave to amend the answers to Paragraph 9 of the Complaint, deeming the attached Amended Answers filed as of the date of the Order, and granting such other and further relief as this Court deems just and proper.

## Pre-Filing Conference

The undersigned certifies that he has contacted opposing counsel concerning the relief requested herein. As of the filing of this Motion, TRUSTEE's counsel was still in the process of analyzing certain issues which prevented him from confirming whether or not he may consent to the request herein.

**CERTIFICATE OF ADMISSION**

I HEREBY CERTIFY that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 15, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and served same via CM/ECF on upon the parties receiving service by this method and by U.S. Mail on all parties who are not CM/ECF filers.

>     DuBosar Navon, PLLC
>     1800 N. Military Trail, Suite 470
>     Boca Raton, Florida 33431
>     Phone: (561) 544-8980/ Fax: (561) 544-8988
>
> By:     /s/ *Howard D. DuBosar*
>     Howard D. DuBosar; Florida Bar No. 729108
>     E-Mail: HDuBosar@dubosarnavon.com
>     Robert C. Sheres; Florida Bar No. 57227
>     E-Mail: RSheres@dubosarnavon.com