## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | **CASE NO. 13-40134-LMI** |
| | **CHAPTER 7** |
| **ISAAC KODSI,** | |
|    Debtor. | |

| | |
|---|---|
| **BARRY E. MUKAMAL**, Chapter 7 Trustee of the Bankruptcy Estate of Isaac Kodsi, | **ADV. PRO. NO. 14-01763-LMI** |
|    Plaintiffs, | |
| v. | |
| **ARK CAPITAL GROUP, LLC, AMY KODSI** and **NANCY KODSI,** | |
|    Defendant. | |

## DEFENDANT ARK CAPITAL GROUP, LLC'S MOTION FOR WITHDRAWAL OF REFERENCE OF ADVERSARY PROCEEDING TO THE BANKRUPTCY COURT

Defendant Ark Capital Group, LLC ("Ark Capital"), by and through undersigned counsel, respectfully requests the reference of this matter from the District Court to the Bankruptcy Court be withdrawn pursuant to 28 U.S.C. § 157(d) for all proceedings.[1]  As grounds in support thereof Ark Capital respectfully submits as follows.

1.     On December 20, 2013, several creditors of Isaac Kodsi (the "Debtor") filed an involuntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*, against

---

[1] Ark Capital brings this motion at the current time because the Bankruptcy Court set a deadline for the filing of motions to withdraw the reference of January 15, 2015 (see ECF 43 in the Bankruptcy Court).

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

the Debtor in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

2.      The Debtor ultimately chose not to contest the petition.  Accordingly, on or about March 28, 2014, the Bankruptcy Court entered an order for relief under Chapter 7 of the Bankruptcy Code against the Debtor.

3.      The Plaintiff in this matter is Barry Mukamal, acting in his capacity as Chapter 7 Trustee in the Debtor's case (the "Trustee").

4.      Ark Capital is one of three defendants in the proceeding.  The other defendants are Amy Kodsi, who is the Debtor's mother, and Nancy Kodsi, who is the Debtor's sister.

5.      The Trustee filed his complaint in this matter (ECF 1 in the Bankruptcy Court) on or about October 15, 2014.  Amy Kodsi and Nancy Kodsi answered the Complaint on November 17, 2014 (ECF Nos. 10 and 11 in the Bankruptcy Court).

6.      Ark Capital filed a motion to dismiss the complaint against it on November 18, 2014 (ECF 13 in the Bankruptcy Court).  On January 14, 2015 the Bankruptcy Court entered an order (ECF 46 in the Bankruptcy Court) granting in part and denying in part the motion to dismiss.  Specifically, the Bankruptcy Court dismissed Count I as to Ark Capital (but not as to the other defendants) per agreement of the parties, dismissed Count III for lack of standing and denied the motion as to the other counts.  The Bankruptcy Court directed Ark Capital to answer in 21 days, which makes Ark Capital's answer as to the remaining counts due on February 4, 2015.

7.      The counts that remain for adjudication are as follows:  a) Count I – declaratory relief against Amy and Nancy Kodsi as to who is the owner of Ark Capital; b) Count III - turnover against all defendants pursuant to 11 U.S.C. § 542; c) Count IV -  constructive trust against Amy and Nancy Kodsi pursuant to nonbankruptcy law; d) Count V – injunctive relief

against all defendants pursuant to nonbankruptcy law; e) Count VI – civil conspiracy against Amy Kodsi pursuant to nonbankruptcy law; f) Count VII – substantive consolidation of Ark Capital, a nondebtor entity, into the Debtor's bankruptcy estate; g) Count VIII – unjust enrichment against Amy and Nancy Kodsi pursuant to nonbankruptcy law; h) Counts IX through XI – fraudulent transfer against Amy And Nancy Kodsi pursuant to nonbankruptcy law that the Trustee may raise pursuant to powers granted to him in 11 U.S.C. § 544(b); i) Counts XII and XIII – fraudulent transfer against Amy and Nancy Kodsi pursuant to 11 U.S.C. § 548(a); and j) Count XIV – unauthorized postpetition transfer against Amy Kodsi pursuant to 11 U.S.C. § 549.

8.      As can be seen from the above, the vast majority of the relief the Trustee seeks is pursuant to claims brought under theories that exist outside of bankruptcy.  The majority of the claims could be brought in nonbankruptcy courts, would exist outside of bankruptcy, and thus are "non-core" claims as defined in 28 U.S.C. § 157.

9.      Because the claims are non-core, the Bankruptcy Court cannot enter final orders or judgments.  Rather, at best, and assuming that Ark Capital does not demand trial by jury on the claims against it, the Bankruptcy Court could submit proposed findings and conclusions pursuant to 28 U.S.C. § 157(c)(1) and Bankr.R. 9033 that the District Court would then review *de novo*.

10.      Because the Bankruptcy Court lacks jurisdiction to enter final orders and judgments in this proceeding, Ark Capital requests the Court withdraw the reference of the proceeding.  Ark Capital respectfully submits that the factors that courts consider when determining whether or not to withdraw the reference support withdrawal in this proceeding. Accordingly, Ark Capital requests the reference be withdrawn forthwith and the matter proceed in the District Court.

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

## MEMORANDUM OF LAW

The district courts may, pursuant to 28 U.S.C. § 157(a), refer to the bankruptcy judges of the district "any or all case under title 11 and any or all proceedings arising under . . .arising in or related to a case under title 11."  The District Court in this District has referred all cases and proceedings pursuant to District Court Local Rule 87.2 and the General Order of Reference entered July 11, 1984.  Once a district court has referred cases and proceedings to the bankruptcy court, 28 U.S.C. § 157(d) states that the district court may "withdraw, in whole or in part, any case or proceeding  . . . for cause shown."

Courts in this district have developed the following factors to consider when passing on motions to withdraw the reference:

> (1) the advancement of uniformity in bankruptcy administration;
> (2) decreasing forum shopping and confusion;
> (3) promoting the economical use of the parties' resources;
> (4) facilitating the bankruptcy process;
> (5) whether the claim is core or non-core;
> (6) efficient use of judicial resources;
> (7) a jury demand and
> (8) prevention of delay.

*Mukamal v. The Stillwater Market Neutral Fund II, L.P. (In re Palm Beach Fin. Partners, LP)*, 2013 U.S. Dist. LEXIS 94761 (S.D. Fla. 2013) (Marra, J.).

Ark Capital submits that applying the above factors to the instant proceeding generally weighs in favor of withdrawal of the reference.  With regards to the first factor, "[t]o evaluate whether a benefit to uniform administration exists, courts look to the nature of the cause of action. Courts routinely have found no benefit where claims are based on state law." *Dynegy Danskammer, L.L.C. v. Peabody Coaltrade Int'l Ltd.*, 905 F. Supp. 2d 526, 533 (S.D.N.Y. 2012) (citations omitted).  In the instant case, the majority of the claims are based on state law. Thus, this factor weighs in favor of withdrawal of the reference.

The second factor, forum shopping, likewise weighs in favor of withdrawal of the reference. Ark Capital has noted its objection to the Bankruptcy Court entering final orders and judgments. While it is true that the Bankruptcy Court could submit proposed findings and conclusions to the District Court for *de novo* review, courts have noted that the potential for the repetition of the matter before the district court weighs in favor of withdrawal of the reference. *See Dynegy*, 905 F. Supp. 2d at 533 ("[D]istrict courts should consider the most efficient use of judicial resources. The determination as to whether the bankruptcy court could issue a final determination is "pivotal," because if a district court must review recommendations de novo, "it would be inefficient to allow the[] proceedings to go forward, knowing that they will have to be substantially repeated.") (quotations in original) (citations omitted). Thus, Ark Capital's reason for seeking withdrawal of the reference is far from forum shopping—Ark Capital merely wishes to streamline to proceedings as best as possible, and does not believe that the *de novo* review process is the most efficient use of resources when the district court can simply maintain the proceedings going forward, thus reducing a level of administration. The above also supports the third and fourth factors—economic use of the parties' resources and facilitating the bankruptcy process. As noted above, eliminating the *de novo* review process prevents the potential that the matter would have to, in the words of the *Dynergy* court, be repeated. This saves the parties time and money, which is specifically important in the case of the Trustee, who must keep the administrative expenses of the bankruptcy estate to a minimum in order to maximize the return to creditors.

The fifth factor, whether claims are core or non-core, weighs in favor of withdrawal of the reference. Because the majority of the claims the Trustee has asserted are non-core, the Bankruptcy Court cannot enter final orders and judgments. The *Dynergy* court specifically held that the inability of the bankruptcy court to render a final order weighed in favor of withdrawal

of the reference. *Dynergy*, 905 F. Supp. 2d at 532 ("Article III prohibits the bankruptcy court from issuing a final determination of Danskammer's contract claims. This conclusion tips the scales toward withdrawal."). Similarly, the vast majority of the claims the Trustee has asserted in this case are non-core claims based on state law that the Bankruptcy Court, respectfully, cannot finally determine. Accordingly, this factor weighs in favor of withdrawal in this proceeding.

With regards to the sixth factor, efficient use of judicial resources, Ark Capital reasserts its points from above regarding the duplication of effort if the district court reviews the matter *de novo*. As with the other factors, it is plainly inefficient to repeat the proceedings in the District Court when the District Court could simply hear the matter in its entirety and enter final orders and judgments. The seventh factor is not yet applicable, as Ark Capital has not answered yet and thus has not had to determine whether or not it wishes to make a jury demand. Ark Capital will advise of its decision accordingly. Finally, the last factor, delay, weighs in favor of withdrawal because the District Court will ultimately be required to make the final determination in this case, thus eliminating any efficiency that might otherwise exist if the Bankruptcy Court was able to finally determine the matter in a more expeditious factor.

Taking all of the above into account, withdrawal of the reference in this matter is appropriate. All of the factors that courts consider when passing on a motion to withdraw the reference exist in this case. Because the Bankruptcy Court cannot enter final orders and judgments on the majority of the claims, and because the District Court will ultimately be required to make any final determinations in this proceeding, withdrawal of the reference of the proceedings now will save the parties time and bring the proceedings to a quicker conclusion. For these reasons, Ark Capital requests the reference of this proceeding be withdrawn forthwith.

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

WHEREFORE, for the reasons stated herein, Ark Capital respectfully requests the Court grant this motion, withdraw the reference of this adversary proceeding from the Bankruptcy Court to the District Court for all proceedings in this case as well as grant any further relief the Court deems proper under the circumstances.

Dated this 15th day of January, 2015.

> **SLATKIN & REYNOLDS, P.A.**
> Attorneys for Ark Capital Group, LLC
> One East Broward Boulevard, Suite 609
> Fort Lauderdale, Florida 33301
> Telephone 954.745.5880
> Facsimile 954.745.5890
> rreynolds@slatkinreynolds.com
>
> By: /s/ Robert F. Reynolds
>     ROBERT F. REYNOLDS
>     Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via the Court's CM/ECF electronic noticing system to Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com, ltannenbaum@melandrussin.com; Howard D. Dubosar, Esq., hdubosar@dubosarnavon.com, RSheres@dubosarnavon.com; Daniel Gielchinsky, Esq., dan@dyglaw.com; Lawrence E. Pecan, Esq., lpecan@melandrussin.com, ltannenbaum@melandrussin.com and all other parties entitled to receive notice via the Court's CM/ECF noticing system on this 15th day of January, 2015.

> /s/ Robert F. Reynolds
> ROBERT F. REYNOLDS