**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re:<br><br>**ISAAC KODSI,**<br><br>Debtor. | **CASE NO. 13-40134-LMI**<br>**CHAPTER 7** |
| **BARRY E. MUKAMAL**, Chapter 7 Trustee of the Bankruptcy Estate of Isaac Kodsi,<br><br>Plaintiffs,<br><br>v.<br><br>**ARK CAPITAL GROUP, LLC, AMY KODSI** and **NANCY KODSI,**<br><br>Defendant. | **ADV. PRO. NO. 14-01763-LMI** |

**ARK CAPITAL GROUP, LLC'S MOTION FOR LEAVE TO APPEAL THE BANKRUPTCY COURT'S ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Ark Capital Group, LLC ("Ark Capital"), by and through undersigned counsel, and pursuant to Bankr.R. 8002 and 8003, respectfully requests the Court grant it leave to appeal, on an interlocutory basis, the Bankruptcy Court's *Order Granting in Part and Denying in Part Motion to Dismiss* (the "*Dismissal Order*") [ECF 46 in the Bankruptcy Court] to the extent that it denied Ark Capital's motion to dismiss all of the counts asserted against Ark Capital. As grounds in support thereof, Ark Capital states as follows:

1. The *Dismissal Order* that Ark Capital seeks to appeal arises from an adversary proceeding that Barry E. Mukamal, in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Isaac Kodsi (the "Trustee"), filed against three defendants, including Ark Capital.

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

2. The Trustee is the permanent Trustee in the involuntary Chapter 7 bankruptcy case of Isaac Kodsi (the "Debtor") pending as Case No. 13-40134-LMI before the Bankruptcy Court. Certain creditors of the Debtor filed the involuntary petition on or about December 20, 2013. The Debtor ultimately chose not to contest the involuntary petition; accordingly, the Bankruptcy Court entered an order for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, on March 28, 2014.

3. The 14-count Complaint the Trustee filed contained five counts against Ark Capital: a) Count I – Declaratory Judgment pursuant to 28 U.S.C. § 2201 that Ark Capital was owned by the Debtor; b) Count II – Alter Ego; c) Count III – Turnover pursuant to 11 U.S.C. § 542; d) Count V – Injunctive and Other Equitable Relief; and e) Count VII – Substantive Consolidation.

4. The remaining nine counts asserted various theories against Nancy Kodsi, who is the Debtor's sister, and Amy Kodsi, who is the Debtor's mother. In sum, these counts allege that either a) the Debtor is the true owner of Ark Capital because Ark Capital was never validly transferred from the Debtor to either Amy or Nancy Kodsi; or b) the transfer of the Debtor's ownership interest in Ark Capital was a fraudulent transfer that the Trustee can avoid and recover for the benefit of the bankruptcy estate. These claims (Counts IV, VI, and VIII through XIV) are markedly different from the claims asserted against Ark Capital in that they simply sought to bring the ownership interest in Ark Capital—as opposed to *all* of the assets of Ark Capital, a limited liability company with a separate legal existence, into the bankruptcy estate.

5. Trustee filed the Complaint on October 15, 2014 [ECF 1 in the Bankruptcy Court]. On or about November 18, 2014 Ark Capital moved to dismiss all five counts of the Complaint that were asserted against Ark Capital. [ECF 14 in the Bankruptcy Court]. The

Trustee filed a response [ECF 33 in the Bankruptcy Court] to the motion to dismiss on December 9, 2014.

6. The Bankruptcy Court conducted a hearing on the motion to dismiss on December 12, 2014. At the hearing, the parties stipulated that Count I could be dismissed as to Ark Capital because Ark Capital cannot own itself. The parties also stipulated that, if the Bankruptcy Court were to dismiss Counts II and V, then the two remaining counts, for turnover and injunctive relief, could also be dismissed, because both required a preliminary finding that the Trustee was entitled to relief on one if his other theories.

7. At the hearing, the Bankruptcy Court indicated that the motion to dismiss would be denied as to the substantive consolidation count (Count V). As to that count, Ark Capital conceded that the Bankruptcy Judge hearing the case had previously published an opinion wherein she held that substantive consolidation of a non-debtor with a debtor's estate is an appropriate remedy and authorized under the Bankruptcy Court's equitable powers. Ark Capital indicated both in its motion and at the hearing that it raised the issue in order to preserve it for appellate purposes and that it recognized that the Bankruptcy Court would most likely deny the motion to dismiss on that count.

8. Because the Bankruptcy Court was denying the motion as to the substantive consolidation count, the Bankruptcy Court likewise indicated that it would deny the motion as to the turnover and injunctive relief counts. The Bankruptcy Court took the motion under advisement as to the alter ego count.

9. On January 14, 2015, the Bankruptcy Court entered the *Dismissal Order*. In the *Dismissal Order*, the Bankruptcy Court reiterated its reasons for denying the motion to dismiss as to the substantive consolidation, turnover and injunctive relief counts, and memorialized in the order the stipulation of the parties to dismiss Count I (declaratory relief) as to Ark Capital.

Additionally, the Bankruptcy Court granted the motion to dismiss the alter ego count (Count II) for failure to state a cause of action. Ark Capital does not wish to disturb this ruling, and only appeals the denial of the motion as to the remaining counts.

10. By way of this Motion, Ark Capital respectfully requests that it be granted leave to appeal the denial of the motion to dismiss as to the counts that remain pending against it (Counts III, V and VII). Ark Capital respectfully asserts that the Bankruptcy Court lacks authority to substantively consolidate the assets of a non-debtor into a debtor's bankruptcy estate, as there is no statutory provision that authorizes this form of relief and the granting of the relief expressly conflicts with other provisions of the Bankruptcy Code. Grounds exist to grant an interlocutory appeal because other courts – including the Bankruptcy Court of the Middle District of Florida – have specifically held, contrary to the opinion of the Bankruptcy Judge hearing the adversary proceeding, that bankruptcy courts lack the power and/or authority to substantively consolidate the assets of a non-debtor into the estate of a debtor already before the court.

11. Granting this motion for leave to appeal will materially advance the case, as the dismissal of the substantive consolidation claim, coupled with the dismissal of the alter ego and declaratory relief claims, renders the remaining claims for turnover and injunctive relief invalid, given that they both require a finding in favor of the Trustee under the alter ego and substantive consolidation counts. Accordingly, the granting of interlocutory relief and a ruling in favor of Ark Capital will advance the ultimate determination of the litigation because it will dismiss Ark Capital from the adversary proceeding entirely and leave the adversary proceeding where it should be, to wit: a dispute between the Trustee and the Debtor's mother and sister regarding who owns the company, and not leave for litigation the impermissible claims that the Trustee

asserted against Ark Capital in order to leverage more favorable settlement terms with the defendants.

## MEMORANDUM OF LAW

28 U.S.C. § 158(a)(3) and Bankr.R. 8002 authorize district courts to grant leave to parties to appeal bankruptcy court orders on an interlocutory basis. "[W]hen the bankruptcy order on appeal is not final, it is within the discretion of [the District] Court whether to entertain the appeal pursuant to 28 U.S.C. § 158(a)(3)." *Figueroa v. Wells Fargo Bank, N.A.*, 382 B.R. 814, 823 (S.D. Fla. 2007) (Gold, J.) (citations omitted); *In re Pacific Forest Products Corp.*, 335 B.R. 910 (S.D. Fla. 2005) (Gold, J.) (granting motion for leave to appeal). In exercising their discretion as to whether or not to grant leave to appeal, the district courts generally consider three elements 1) is the issue one of controlling law; 2) are there differing opinions among the courts on the issue; and 3) will the interlocutory appeal substantially reduce the amount of litigation left in the case. *Pacific Forest*, 335 B.R. at 919 (citations omitted).

Ark Capital respectfully asserts that all three grounds necessary to demonstrate that an interlocutory appeal is proper are present and exist in this case, and that, although Ark Capital recognizes that interlocutory appeals are generally disfavored, such an appeal is appropriate in this matter, given the fact that numerous bankruptcy courts, including two neighboring districts within the Eleventh Circuit, are diametrically opposed as to whether the grounds for relief that the Trustee asserts even exist.

### I. The Issue of the Propriety of Substantively Consolidating the Assets of a Non-Debtor Into a Debtor's Bankruptcy Estate is a Controlling Question of Law.

"[A]n issue is characterized as a controlling question of law if it deals with a question of 'pure' law, or matters that can be decided quickly and cleanly without having to study the record." *Figueroa*, 382 B.R. at 824 (citations omitted). Furthermore, the issue at hand must be

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

substantial and present in a wide range of cases. *Pacific Forest*, 335 B.R. at 920 (stating that in order to be controlling, a question of law "must also dispose of a 'wide spectrum of cases.'") (citation omitted). Ark Capital respectfully asserts that this condition is easily met in the instant case. Ark Capital is contesting whether or not the Bankruptcy Court has the authority to order the substantive consolidation of a non-debtor with a debtor's bankruptcy estate. Whether or not this cause of action exists is a pure legal question, and does not require the Court to delve into the factual background of the Debtor's bankruptcy case, the allegations of the Complaint, or otherwise conduct any extensive review of the record. Moreover, the issue of substantive consolidation of non-debtors arises regularly in the bankruptcy courts; as shown in greater detail below, there are literally dozens of cases discussing the issue, many of which have reached opposite conclusions.

Simply put, either the Trustee can seek the substantive consolidation of a non-debtor, or he cannot, and a decision on appeal will assist the bench and bar in future cases as to whether or not the remedy is available. *See Pacific Forest*, 335 B.R. at 922 ("Finally, it is clear that resolution of the legal issues presented would not only impact the parties in this case, but a whole range of cases . . ."). Ark Capital accordingly asserts that the first prong of the test is unquestionably met.

## II. Courts Throughout the Country – Including Bankruptcy Courts Within the Eleventh Circuit – Have Reached Opposite Conclusions as to Whether or Not the Assets of a Non-Debtor Can Be Substantively Consolidated with a Debtor's Bankruptcy Estate.

In order to demonstrate that there is a substantial ground for difference of opinion, a party "must show that at least two courts interpret the relevant legal principle differently." *Figueroa*, 382 B.R. at 824 (citations omitted). As noted above and as set forth in the motion, Ark Capital conceded that the Bankruptcy Judge hearing the instant proceeding previously published an

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

opinion wherein she found that a cause of action for substantive consolidation of the assets of a non-debtor with a debtor's bankruptcy estate existed and thus the Trustee could request said relief. *See In re S&G Financial Services of South Florida, Inc.*, 451 B.R. 573 (Bankr. S.D. Fla. 2011) (Isicoff, J.). Thus, Ark Capital – recognizing that the Bankruptcy Court was unlikely to recede from its prior published opinion – essentially raised the argument in order to preserve it for appellate purposes, but did not wish to waste the Bankruptcy Court or the parties' time in arguing an issue that was clearly going to be decided against it.

However, Ark Capital's position is not without merit. Indeed, several bankruptcy courts across the country, including one from within the Eleventh Circuit, have held that there is no authority to substantively consolidate the assets of a non-debtor with a debtor's bankruptcy estate, or have otherwise ruled that the cause of action does not exist. *In re Perlman*, 462 B.R. 849 (Bankr. M.D. Fla. 2012). Accordingly, Ark Capital asserts that these diametrically opposed cases demonstrate the existence of more than two courts which have reached opposite conclusions about the propriety of substantive consolidation of non-debtors.

At the outset, there is no provision anywhere in the Bankruptcy Code that provides for the general substantive consolidation of the assets and liabilities of persons or entities. There are two provisions that provide for consolidation in specific circumstances: 1) when appropriate after the filing of a joint case pursuant to 11 U.S.C. § 302(b) involving spouses ("After the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated;") and 2) 11 U.S.C. § 1123(a)(5)(C), which states that a plan filed in a Chapter 11 case may provide for the "merger or consolidation of the debtor with one or more persons." Neither of those provisions apply to the instant involuntary Chapter 7 individual case, and Congress has not seen it fit to provide for the remedy anywhere else in the Code.

The Eleventh Circuit has recognized the ability of bankruptcy courts to substantively consolidate separate debtor entities who are already before the court. *See Eastgroup Properties*, 945 F.2d 245 (11th Cir. 1991); *FDIC v. Rieder*, 31 F. 3d 1102 (11th Cir. 1994). However, neither case involved the substantive consolidation of a non-debtor entity with the debtor. Moreover, *Rieder* involved married debtors who filed a joint case pursuant to 11 U.S.C. § 302, which, as noted above, specifically authorizes the consolidation of debtors' estates. Accordingly, both cases are distinguishable from the instant matter.

Moreover, as noted above, in *In re Perlman*, 462 B.R. 849 (Bankr. M.D. Fla. 2012), the Bankruptcy Court for the Middle District of Florida concluded that it lacked the authority to substantively consolidate the assets of a non-debtor with the assets of a debtor's estate. The *Perlman* court reviewed the law on substantive consolidation of non-debtors and listed all of the cases in which the remedy has been authorized. The court then cited to all of the cases that had rejected the remedy. *See Perlman*, 462 B.R. 849, 854 n.24 (citing to *S&G* as a court that had authorized substantive consolidation of a non-debtor) and n.27 (cases that had authorized the relief); *Id.* at n.28 (citing cases that had rejected the use of substantive consolidation of a non-debtor).[1]

The *Perlman* court ultimately concluded that nothing in the Bankruptcy Code authorized the substantive consolidation of a non-debtor with a debtor's bankruptcy estate. The court discussed three main reasons for this conclusion: 1) 11 U.S.C. § 105, which is commonly utilized to support a bankruptcy court's exercise of bankruptcy powers, "does not give bankruptcy courts

[1] In the interest of brevity, and because this is not a merits brief but rather a motion seeking leave to appeal an interlocutory order, Ark Capital has not string-cited the cases set forth in *Perlman*. Ark Capital notes their existence because it is what is needed to show that an interlocutory appeal is appropriate—namely, the existence of divergent case law. Even if there were fewer cases, however, the existence of one contradictory case was sufficient for the District Court to grant leave to appeal in *Pacific Forest*. *See Id.* at 923-924 (citations omitted).

unfettered power. Bankruptcy courts cannot and should not simply drag unwilling entities that never chose to file bankruptcy into a bankruptcy forum simply because it is expedient and will help one party or another." *Perlman*, 462 B.R. at 854; 2) the substantive consolidation of a non-debtor, which essentially resulted in an unwilling debtor and its creditors being forced into bankruptcy, contravened 11 U.S.C. § 303, the provision of the Bankruptcy Code that sets forth how a debtor may be forced into bankruptcy. "Given the significant protections § 303 provides to debtors facing involuntary bankruptcy, and the lack of commensurate protections for substantive consolidation, 'forcing a non-debtor into bankruptcy via substantive consolidation circumvents these strict requirements and is in contravention of [the Code].'" *Perlman*, 462 B.R. at 855 (citation omitted); and 3) the ability of creditors to utilize Florida's alter ego remedy as an alternative to substantive consolidation "protects a non-debtor's corporate identity without usurping the protections of the Bankruptcy Code." *Id.*[2] The court then concluded that "any request to substantively consolidate non-debtors must fail under § 105(a) of the Bankruptcy Code because it is not an act that is 'necessary or appropriate' to carry out any legitimate bankruptcy purpose. Rather, parties have other tools, albeit accompanied by stringent and befitting proof requirements, to force a non-debtor entity into bankruptcy." *Perlman*, 462 B.R. at 856.

The *Perlman* decision, which cited *S&G* in its analysis, is nonetheless the polar opposite of the Bankruptcy Court's decision in *S&G*. In *S&G*, the Bankruptcy Court held that the existence of Section 303 and the involuntary petition remedy were distinct from a request to

[2] Ark Capital recognizes that in the *Dismissal Order* the Bankruptcy Court held that the Trustee cannot bring a claim for alter ego. This ruling, however, was not based on the nonexistence of an alter ego claim; rather, the ruling was based on the inability of the Trustee to bring an alter ego claim in the case of an individual debtor because the Trustee is not a creditor of the Debtor and the Trustee can only bring claims that the debtor owned prepetition, *see* 11 U.S.C. § 541, or that the Bankruptcy Code authorizes the Trustee to bring, *see* 11 U.S.C. § 542-550.

substantively consolidate a non-debtor's assets, and did not prohibit the use of substantive consolidation. In the same vein, the Bankruptcy Court also held that the trustee's ability to avoid and recover fraudulent transfers likewise was a distinct remedy. *S&G*, 451 B.R. at 582-583 (citations omitted). The decision in *S&G*, unlike *Perlman*, did not distinguish between the substantive consolidation of debtors who were already before the court, which the Eleventh Circuit explicitly held was authorized in *Eastgroup*, and the consolidation of a non-debtor with a debtor. *Compare S&G*, 451 B.R. at 580 ("Nothing in *Eastgroup Properties* suggests that substantive consolidation of a debtor and non-debtor entity would be inappropriate.") *with Perlman*, 462 B.R. at 853-854 ("Substantive consolidation of multiple debtors is not a new or novel concept. . . . A bankruptcy court's power to substantively consolidate related bankruptcy cases stems from its equitable powers and is a remedy unique to bankruptcy. . . . There is a split of authority, however, as to whether a bankruptcy court has the authority to substantively consolidate *non-debtors'* assets and liabilities into a bankrupt debtor's estate.") (emphasis in original) (footnotes omitted).

Ark Capital finally notes that the *Perlman* decision is in complete harmony with two Supreme Court decisions that have held, and then reminded the bench and bar, that the authority of the bankruptcy courts is confined to the provisions of the Bankruptcy Code. *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S. Ct. 963, 969, 99 L. Ed. 2d 169 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."); *Law v. Siegel*, ___ U.S. ____, 134 S. Ct. 1188, 1195; 188 L. Ed. 2d 146; 2014 U.S. LEXIS 1784 (2014) (decision finding bankruptcy court exceeded its equitable powers when it acted in contravention of the Bankruptcy Code; Court stated "[T]he bankruptcy court thus violated § 522's express terms when it ordered that the $75,000 protected by Law's homestead exemption be made available to pay Siegel's attorney's

fees, and administrative expenses. In doing so, the court exceeded the limits of its authority under § 105(a) and its inherent powers.”). Because the power to substantively consolidate non-debtors does not arise from any specific provision of the Bankruptcy Code, Ark Capital respectfully asserts that it does not exist.

The foregoing demonstrates that two courts have reached opposite conclusions regarding the issue of substantive consolidation of non-debtors. Those two courts are within the same circuit, are bound by the same decisions from the Eleventh Circuit, but have nonetheless reached contradictory results on the same legal question. Ark Capital has thus demonstrated that the second prong of the test for granting leave to appeal the *Dismissal Order* is present in the instant case.

**III. Granting Leave to Appeal Will Reduce the Amount of Litigation That Remains.**

“The third requirement for granting leave to appeal is met if resolution of the controlling question of law substantially reduces the amount of litigation left in the case.” *Figueroa*, 382 B.R. at 825 (citations omitted). “[T]his requirement means that ‘resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation.’” *Pacific Forest*, 335 B.R. at 924 (citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). In addition, “[a] court considering interlocutory review must also evaluate the stage of litigation and weigh the disruptive effect of an immediate appeal on the Bankruptcy Court proceedings against the probability that resources will be wasted in allowing those proceedings to go forward.” *Pacific Forest*, 335 B.R. at 924 (citations omitted).

Ark Capital respectfully submits that a reversal of the Bankruptcy Court’s *Dismissal Order* as to the substantive consolidation issue fits within all of the above parameters. If the District Court orders that the substantive consolidation count should be dismissed, Ark Capital will be completely dismissed from the proceeding, thus avoiding a trial on the issues of substantive

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 Telephone 954.745.5880

consolidation and ending the litigation. This avoids litigation not only for Ark Capital, but also for Ark Capital's creditors, for the Bankruptcy Court has ordered Ark Capital provide Trustee the names of all of its creditors so Trustee can serve them with the complaint filed in this proceeding, so that they can appear and protect their rights. This is consistent with the Bankruptcy Court's ruling in *S&G* that the due process rights of the creditors of the company whose assets are sought to be consolidated can be protected by giving them notice and an opportunity to be heard at the trial on substantive consolidation. On the other hand, a reversal of the Bankruptcy Court's decision—and a dismissal of the substantive consolidation claim—will necessarily save not just Ark Capital and the Trustee from the burden and expense of preparing for trial, but will save the creditors of Ark Capital, who in essence will unwillingly be dragged into this proceeding if it is allowed to continue, from having to incur the expense of defending their rights against Ark Capital. All of the resources that the Trustee, Ark Capital, and the trustee would otherwise waste would be saved if the District Court ruled in favor of Ark Capital.

Ark Capital has thus met the third and final prong entitling it to appeal the *Dismissal Order*. Because all three parts of the test are met, Ark Capital respectfully requests it be granted leave to appeal the denial of its motion to dismiss the count seeking substantive consolidation of its assets into the Debtor's estate.

WHEREFORE, for the reasons stated herein, Ark Capital respectfully requests the Court grant this Motion, grant Ark Capital leave to appeal the *Dismissal Order* to the extent it denied Ark Capital's motion to dismiss, as well as grant any further relief the Court deems proper under the circumstances.

I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 28th day of January, 2015.

**SLATKIN & REYNOLDS, P.A.**
Attorneys for Ark Capital
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
ROBERT F. REYNOLDS
Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via the Court's CM/ECF electronic noticing system to Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com, ltannenbaum@melandrussin.com; Howard D. Dubosar, Esq., hdubosar@dubosarnavon.com, RSheres@dubosarnavon.com; Daniel Gielchinsky, Esq., dan@dyglaw.com; Lawrence E. Pecan, Esq., lpecan@melandrussin.com, ltannenbaum@melandrussin.com and all other parties entitled to receive notice via the Court's CM/ECF noticing system on this 28th day of January, 2015.

/s/ Robert F. Reynolds
ROBERT F. REYNOLDS