UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

ISAAC KODSI,

Case No. 13-40134-LMI
Chapter 7

Debtor.
_____/

BARRY E. MUKAMAL, CHAPTER 7
TRUSTEE FOR THE ESTATE OF ISAAC
KODSI,

Adversary No. 14-01763-LMI

Plaintiff,

v.

ARK CAPITAL GROUP, LLC, AMY
KODSI, AND NANCY KODSI,

Defendants.
_____/

**TRUSTEE'S RESPONSE IN OPPOSITION MOTION FOR LEAVE TO AMEND
ANSWER TO PARAGRAPH 9 OF THE COMPLAINT**

Barry E. Mukamal, the Chapter 7 Trustee for the bankruptcy estate of Isaac Kodsi (the *"Trustee"*), by and through his undersigned counsel, responds in opposition to the Motion for Leave to Amend Answer to Paragraph 9 of the Complaint [ECF No. 48] filed by Amy Kodsi and Nancy Kodsi (the *"Motion"*), and states:

**Preliminary Statement**

Amy Kodsi and Nancy Kodsi admitted in ¶9 of their answers to the complaint [ECF No. 10 & 11] (the *"Answers"*) that the matters are core. This constitutes consent to the adjudication of all matters set forth therein before this Court. The Supreme Court has not yet determined whether a party may consent, explicitly or implicitly, to the entry of final orders and judgments

by a bankruptcy court. That question is before the Court in *Wellness Int'l Network, Ltd. v. Sharif*, cert. granted in part, 83 U.S.L.W. 3011, (U.S. July 1, 2014) (No. 13–935). If the Supreme Court decides that a party cannot consent, then the Plaintiff agrees that whether Amy Kodsi and Nancy Kodsi can amend ¶9 is of no moment. If, however, the Supreme Court decides that one *can* consent to the entry of final orders by a bankruptcy court, as the Plaintiff believes that it will, then Amy Kodsi and Nancy Kodsi's admission saves this Court from determining whether the matters are core or non-core. As such, Amy Kodsi and Nancy Kodsi's motion to amend is really a thinly veiled attempt to withdraw consent. Thus, leave should not be granted freely, and should instead be denied.

     **A.  The Supreme Court will likely hold that a party may consent to adjudication of a private right before a non-Article III tribunal**

Post-*Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011), the question of whether one may consent to exercise of the judicial power of the United States by an Article I judge remains an open question, at least until the Supreme Court decides (this term) the case of *Wellness Int'l Network, Ltd. v. Sharif*, cert. granted in part, 83 U.S.L.W. 3011, (U.S. July 1, 2014) (No. 13–935). *Stern* does not affect whether the Bankruptcy Court may *hear* a proceeding, but only whether it can enter final orders and judgments. *Stern,* 131 S. Ct. at 2602. While in many ways *Stern* left more questions than answers, there are at least a few matters which the *Stern* court made abundantly clear.

First, the *Stern* Court reaffirmed its holding in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), that an Article I judge may properly enter final orders as to matter of "public rights." *Stern*, 131 S.Ct. at 2597-98. While recognizing that its "public rights" jurisprudence "has not been entirely consistent," the Court set forth at least two categories of bankruptcy matters which constitute "public rights." *Id.* at 2611. The Court's

holding commands that to determine if the Bankruptcy Court can enter final orders (absent consent), "the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Id.* at 2618. In doing so, the Court distinguishes actions which stem from the bankruptcy itself (which are constitutionally core), with actions which merely augment the bankruptcy estate (which are not constitutionally core). *Id.*

In *Stern*, the "Supreme Court held that bankruptcy courts lack 'the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim.'" *Sundale, Ltd. v. Florida Associates Capital Enterprises, LLC (In re Sundale, Ltd.)*, 499 F. App'x 887, 892-93 (11th Cir. 2012)(quoting *Stern*, 131 S. Ct. at 2620). Thus, while *Stern* held those provisions of § 157(b) which permitted the adjudication of private rights unconstitutional, it did not address if any constitutional infirmity could be cured by consent.

The question of whether a litigant may impliedly consent to adjudication of a private right matter before a bankruptcy court remains unanswered. Since *Stern*, the Fifth, Sixth, and Seventh circuits have deemed that litigants cannot implicitly consent, while the Ninth Circuit has determined that such consent cures any constitutional concern. The Eleventh Circuit has not addressed the issue. For the reasons set forth herein, the Ninth Circuit's reasoning is the only reasoning which can be rectified with the Supreme Court's longstanding jurisprudence concerning consensual adjudication before non-Article III tribunals.

The Supreme Court has noted that "Article III, § 1's guarantee of an independent and impartial adjudication by the federal judiciary of matters within the judicial power of the United States . . . serves to protect primarily personal, rather than structural, interests." *Commodity*

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

*Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986). Personal constitutional interests, such as personal jurisdiction, can be waived, while structural concerns, such as subject matter jurisdiction, cannot. *Id.* at 848-49. But since the right to have a proceeding determined by an Article III judge is personal, it can be waived. *Id.*

In *Roell v. Withrow*, 538 U.S. 580 (2003), the Supreme Court decided that implied consent pursuant to 28 U.S.C § 636(c) was sufficient to permit the entry of final judgments by federal magistrate judges. Section 636(c)(1) provides similar, but even broader authority than the bankruptcy scheme. Upon consent, magistrates may enter final judgments in all civil proceedings. *Compare* 28 U.S.C. § 636(c)(1) with 28 U.S.C. § 157(c)(1).

In *Roell*, the Supreme Court rejected the argument that express consent was required for consensual adjudicative power. *Roell*, 538 U.S. at 582, 586–87.  Instead, the Supreme Court affirmed that implied consent of the parties sufficed. Since *Roell*, every circuit has upheld consensual adjudication of civil matters by magistrate judges. *Roell* is equally applicable here.

Even in *Stern*, the Supreme court noted (though in dicta), without question, that "parties may consent to entry of final judgment by bankruptcy judge in non-core case." *Stern*, 131 S. Ct. at 2607. In fact, the Court noted that "Vickie argues [that] a party may waive or forfeit any objections under § 157(b)(5), in the same way [that] a party can waive or forfeit an objection to the bankruptcy court finally resolving a non-core claim." *Id.* at 2606. Thus, the Trustee believes the Supreme Court will hold in *Wellness Group* that parties may consent to the entry of final orders and judgments as to private rights by Article I courts on consent of the parties.

    **B.    Amy Kodsi and Nancy Kodsi consented to the entry of final orders and judgments which they cannot or have not shown cause to withdraw**

The Bankruptcy Court can enter final orders and judgments against Amy Kodsi and Nancy Kodsi because Amy Kodsi and Nancy Kodsi have already admitted the claims are core,

and thus have consented to the Bankruptcy Court entering final orders pursuant to 11 U.S.C. § 157(c)(2). Pursuant to Fed.R.Bankr.P. 7012(b), both Amy Kodsi and Nancy Kodsi were required to admit or deny that the proceedings are core. Both admitted that the proceedings are core. *See* ECF Nos. 10 & 11, ¶9. Pursuant to Rule 7012, the opportunity not to consent to a bankruptcy adjudication arises *only* if the defendant denies that the proceeding is core. *See Brook v. Ford Motor Credit Co. LLC (In re Peacock)*, 455 B.R. 810, 812 (Bankr. M.D. Fla. 2011). Now, only after they have irrevocably consented to the entry of final orders, they seek to amend their answer to withdraw their consent. They cannot.

> In the Motion, Amy Kodsi and Nancy Kodsi state that:
>
>> In response to the allegation in Paragraph 9 of the Complaint, AMY and NANCY each inadvertently answered that they admitted the allegations in Paragraph 9. In actuality, AMY and NANCY deny the allegation. Specifically, contrary to TRUSTEE's allegation in the Complaint Counts I, IV, V, VI, VIII, IX, X, and XI are non-core.

*Motion*, ¶6-8.

This is nearly identical to the issue faced by Judge McEwen in *Peacock*, in that like the *Peacock* defendants, Amy Kodsi and Nancy Kodsi claim that their admission was erroneous. *Peacock,* 455 B.R. at 812. In *Peacock*, the court decided the "question raised by the Defendant's consent. Given that the Defendant admitted the complaint's erroneous legal conclusion concerning the 'coreness' of the proceeding, should the Court relieve the Defendant of the admission or, alternatively, treat the Defendant's admission as consent to the undersigned's both hearing and deciding the parties' dispute?" *Id.* After observing that withdrawing consent requires a motion and good cause, the court held that it "need not decide here the quantum of cause required; that is because the Defendant has not filed a motion to withdraw its admission." Amy Kodsi and Nancy Kodsi, similarly, have filed no such motion, and the only allegation of good

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

cause is that they believe the counts to be non-core. "Once a right, even a fundamental right, is knowingly and voluntarily waived, a party has no constitutional right to recant at will." *Carter v. Sea Land Services, Inc*., 816 F.2d 1018 (5th Cir.1987).

In fact, at least one court has held that such consent is irrevocable. *In re St. Mary's Hosp*., 117 B.R. 125, 131 (Bankr.E.D.Pa.1990). In *St Mary's*, the court observed that

> In his Complaint, the Trustee alleges, and Neumann admits without qualification, that "[t]his court has jurisdiction ... pursuant to 28 U.S.C. Section 157(2)(E)." Though inartfully stated, this is apparently meant to be an allegation that the instant matter is core in nature. An admission that a proceeding is core accords **irrevocable consent** to a bankruptcy court to determine the proceeding, even if it is non-core.

*Id.* (emphasis added).

But here, it does not matter if consent is irrevocable or may be withdrawn for cause because Amy Kodsi and Nancy Kodsi have shown no such cause. At the time the Answers were filed, both were represented by an experienced bankruptcy litigation attorney, Marc Barmat, Esq.. Instead, Amy Kodsi and Nancy Kodsi couch the withdrawal of their consent as an amendment of a pleading -- in order to take advantage of the more lenient standard -- because they cannot show any cause other than that they have changed their minds as to whether they agree to this Court determining the matters. The Court should not permit them to do so.

WHEREFORE, the Plaintiff requests this Court deny the Motion and grant such other and further relief as is just and appropriate.

REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on February 9, 2015, the foregoing document was served via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached **Exhibit 1**.

                s/ Lawrence E. Pecan
                Daniel N. Gonzalez, Esquire
                Fla. Bar No: 0592749
                Dgonzalez@melandrussin.com
                Lawrence E. Pecan, Esquire
                Fla. Bar No: 99086
                lpecan@melandrussin.com
                MELAND RUSSIN & BUDWICK, P.A.
                3200 Southeast Financial Center
                200 South Biscayne Boulevard
                Miami, Florida  33131
                Telephone: (305) 358-6363
                Telecopy: (305) 358-1221
                *Attorneys for Trustee*

## SERVICE LIST

Electronic Mail Notice List
The following is the list of parties who are currently on the list to receive e-mail notice/service for this case.

- Howard D. Dubosar    hdubosar@dubolaw.com, RSheres@dubolaw.com;KDoyle@dubolaw.com;TNovak@dubolaw.com;kboulter@dubolaw.com
- Daniel Gielchinsky    dan@dyglaw.com
- Daniel N Gonzalez    dgonzalez@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Lawrence E Pecan    lpecan@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Robert F. Reynolds    rreynolds@slatkinreynolds.com, imalcolm@slatkinreynolds.com

**EXHIBIT 1**