UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>**ISAAC KODSI,**<br><br>　　Debtor. | CASE NO. 13-40134-LMI<br>CHAPTER 7 |
| **BARRY E. MUKAMAL**, Chapter 7 Trustee of the Bankruptcy Estate of Isaac Kodsi,<br><br>　　Plaintiffs,<br><br>v.<br><br>**ARK CAPITAL GROUP, LLC, AMY KODSI** and **NANCY KODSI,**<br><br>　　Defendant. | ADV. PRO. NO. 14-01763-LMI |

### ARK CAPITAL GROUP, LLC'S MOTION FOR LIMITED RELIEF FROM STIPULATED ORDER MAINTAINING STATUS QUO PENDING DETERMINATION OF COMPLAINT

　　Ark Capital Group, LLC ("Ark Capital"), by and through undersigned counsel, requests the Court grant it certain limited relief from the *Stipulated Order Maintaining Status Quo Pending Determination of Complaint* (the "*Order*"), or, alternatively, find that certain transfers that Ark Capital has made from its bank account do not violate the *Order* as the assets transferred were not the assets of Ark Capital. As grounds in support thereof, Ark Capital states as follows:

　　1.　　The Trustee filed a motion in this adversary proceeding requesting a preliminary injunction pending the conclusion of the proceeding [ECF 12]. The parties reached an agreement whereby, pursuant to the terms in the *Order*, Ark Capital was restricted from making certain

Case No. 13-40134-LMI
Adv. Pro. No. 14-01763-LMI

transfers and generally dissipating its assets. The goal was to preserve the assets of Ark Capital and maintain the status quo – hence the name of the *Order* - as the Trustee alleged a concern that, while the underlying adversary proceeding was litigated, the assets of Ark Capital might be dissipated, thus resulting in a hollow victory for the Trustee should he prevail (Ark Capital, of course, vehemently denies the Trustee is entitled to any relief).

2. The *Order* was entered on December 4, 2014. One of the provisions of the *Order* provided the Trustee with access to Ark Capital's online bank records.

3. The Trustee has reviewed the financial records of Ark Capital and has alleged that certain transfers that Ark Capital has made violate the *Order*. Specifically, the Trustee alleges that the following transfers from Ark Capital violated the injunction:

   a. A transfer of $6,300.00 to K.I.T. Financial Services, Inc. ("Kit") on December 4, 2014;

   b. Three payments totaling $7,500.00 to Royal Palm Developers, Inc. ("Royal Palm"); and

   c. Payments totaling $5,560.63 to car leasing companies (Mercedes and BMW).

4. Ark Capital does not believe that the transfers violate the *Order* or, if they do, believes that limited relief from the *Order* is appropriate, given that the transfers do not violate the spirit of the *Order*, which was that the assets of Ark Capital would be preserved.

5. With regards to the transfers in question, Ark Capital offers the following explanations, which it believes support the request for limited relief or, alternatively, a finding that the transfers in question do not violate the *Order*.

6. The transfers to Royal Palm are actually transfers that were made on the account of Steven Goldfarb. Mr. Goldfarb was listed on the exhibit to the *Order* as a party that Ark

Case No. 13-40134-LMI
Adv. Pro. No. 14-01763-LMI

Capital was authorized to pay the amount of $2,500.00 per month, as Mr. Goldfarb is a creditor of Ark Capital.

7. As referenced above, there were three transfers made to Royal Palm subsequent to the entry of the *Order* in the amount of $7,500.00. The explanation for the transfers is that in July of 2014 Mr. Goldfarb directed Ark Capital to make the payments to Royal Palm. Mr. Goldfarb is a long time acquaintance and employee of the Debtor's family and companies that the Debtor's family owns. Royal Palm is one of the entities that the Debtor's family owns, and Mr. Goldfarb is involved in a project with the family.

8. Thus, although the transfers were made to Royal Palm, who is an insider and therefore technically should not have been paid, the payments are actually on account of monies that were due to Mr. Goldfarb and thus did not violate the *Order* and in fact were specifically authorized in the language of the *Order*. Thus, while the transfers may look at first blush to be improper because they were to an insider, because they are actually on Mr. Goldfarb's account, the *Order* specifically authorizes them.

9. The transfer to Kit took place on the exact date that the *Order* was entered. However, a review of the Ark Capital bank records demonstrates that assets of Ark Capital were not used to make the Kit payment. Rather, monies were transferred from ALS Capital Group, LLC ("ALS Capital"), which is a company that the Debtor's parents own and, more importantly, provides all the funding to operate. Specifically, ALS Capital transferred $15,000.00 into the Ark Capital account on December 4, 2014. The Debtor has never provided any funds to ALS Capital. Thus, although the payments technically were from the bank account of Ark Capital, the monies were deposited from the ALS Capital account almost contemporaneously with the payment.

10.     Accordingly, the transfer to Kit did not violate the spirit of the *Order* because the assets of Ark Capital – which are the remaining mortgages that Ark Capital owns and the proceeds therefrom  - have not been dissipated. The bank records demonstrate that the money came from a different company.

11.     The same is true of the payments for the leased vehicles that are in the name of Joseph and Amy Kodsi and Kit.  The funds for these payments likewise were included in the monies transferred from ALS Capital, which as noted above is a company that the Debtor's parents own and fund.  These recurring payments, as well as the provision of funds to cover the payments from Ark Capital, were set up years ago as monthly recurring autopayments and, quite simply, no other arrangements were made with the *Order* was entered.

12.     Accordingly, because the funds in question for the payment to Kit and the car payments came from funds transferred into ALS Capital and were then immediately paid out, and as noted above were not assets of Ark Capital that were dissipated, the transfers did not violate the spirit of the *Order*. In order to prevent this problem in the future, Ark Capital has stopped making the recurring payments, and other arrangements for the payments to Mercedes and BMW have been made.

13.     Nonetheless, because the Trustee is sure to make an issue of the payments despite the fact that the monies are not assets of Ark Capital but were paid consistent with the practice prior to the Debtor's bankruptcy filing and prior to the *Order*, Ark Capital requests the limited relief set forth herein and requests the Court either find that a) the payments did not violate the sprit of the *Order* or b) to the extent the payments did violate the *Order*, grant Ark Capital limited relief from the *Order* such that the payments are authorized.

WHEREFORE, for the reasons stated herein, Ark Capital respectfully requests the Court grant this Motion, grant Ark Capital limited relief from the *Order*, find that the payments in

question do not violate spirit the *Order*, or, if the Court believes they do violate the terms of the *Order*, find that Ark Capital is entitled to limited relief from the *Order* such that the payments are authorized, find that no sanctions or other relief against Ark Capital is warranted under the circumstances, as well as grant any further relief the Court deems proper under the circumstances.

I hereby certify that I am admitted to the Bar of the United States District Court, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 13th day of February, 2015.

**SLATKIN & REYNOLDS, P.A.**
Attorneys for Ark Capital
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS
    Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via the Court's CM/ECF electronic noticing system to Daniel N. Gonzalez, Esq., dgonzalez@melandrussin.com, ltannenbaum@melandrussin.com; Howard D. Dubosar, Esq., hdubosar@dubosarnavon.com, RSheres@dubosarnavon.com; Daniel Gielchinsky, Esq., dan@dyglaw.com; Lawrence E. Pecan, Esq., lpecan@melandrussin.com, ltannenbaum@melandrussin.com and all other parties entitled to receive notice via the Court's CM/ECF noticing system on this 13th day of February, 2015.

/s/ Robert F. Reynolds
ROBERT F. REYNOLDS